UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
================================================X
S & R WORLDWIDE

                                                           COMPLAINT AND JURY DEMAND

                    Plaintiff,

      -against-                                         Case No.

NEUTRACEUTICAL WELLNESS INC.

                    Defendant.
================================================X

Plaintiff, S&R Worldwide, by its undersigned attorneys, alleges the following as and for its Complaint against Defendant:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction pursuant to pursuant to 28 U.S.C §1332 because there is complete diversity between all parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Venue is proper pursuant to 28 U.S.C. §1391 and this Court may properly exercise personal jurisdiction over Defendant as it maintains an office in New York and regularly conducts business in New York.

## INTRODUCTION

3. Plaintiff has been forced to file this action to address, *inter alia*, Defendant's knowingly false and defamatory *per se* claims made in, on and to the online marketplace Amazon.com which is owned and operated by Amazon.com, Inc. ("Amazon") to wit: that Plaintiff markets and sells goods on Amazon that are counterfeit, inauthentic and/or infringe(d) Defendant's intellectual property rights.

4. As the direct result of Defendant's knowingly false and defamatory *per se* claims

1

Plaintiff has been prohibited by Amazon from lawfully selling the goods in question since May 30, 2022. Therefore, Defendant's tortious acts are ongoing, knowingly wrong and malicious.

5. Despite having actual knowledge that its claims are false and that they are acting in violation of the law, Defendant has intentionally and maliciously harmed Plaintiff by virtue of its defamatory, tortious and anti-competitive actions causing, *inter alia* lost sales and economic advantage, lost actual and potential business and contractual relations, damaged business reputation, breach of contractual relations with Amazon and degradation of its business' value in an amount to be determined at trial but in no event less than $75,000.

## PARTIES

6. Plaintiff is a Nevada limited liability company organized and existing under the laws of Nevada having an address of 35 E HORIZON RIDGE PKWY, STE 516, Henderson, NV 89002. It operates the Amazon Storefronts known as "S & R Worldwide" under Amazon Merchant Token Identification Number A2LQ1UKTM2IHQ7.

7. Defendant is believed to be a foreign company with a registered agent at 155 East 37th Street, Suite 4B, New York, NY 10019. . Defendant is the listed owner for trademark registration # 4804467 for Nutrafol.

## BACKGROUND

8. The events at issue began on or about June 10, 2022 and are on-going ("the relevant period").

9. The bases for Plaintiff's belief in its allegations are investigations undertaken by Plaintiff and/or its attorneys including, *inter alia*: reviewing information pertaining to Defendant maintained and provided by Amazon and/or available to the public; statements and complaints about Plaintiff purportedly made by Defendant to Amazon and other third-parties; Plaintiff and

its counsel's extensive knowledge of the rules, practices and procedures governing the sale of goods on Amazon, including the conduct at issue and; representations of reputable sellers of Defendant's goods, upon which Plaintiff relied in good faith.

10. During the relevant period, Plaintiff marketed and sold goods on the online marketplace known as Amazon pursuant to a contract ("the contract") with Amazon. At all relevant times, and upon information and belief Defendant was also an experienced seller of goods on Amazon.

11. Upon information and belief, Amazon has developed an automated process for addressing complaints relating to the sale of goods that are allegedly inauthentic, counterfeit and/or infringe on intellectual property rights. Pursuant to that process Amazon frequently suspends sellers about whom such complaints are made before affording them the opportunity to contest those claims.

12. Amazon's policy, which is published to all sellers including Defendant, states: "[i]f your notice of infringement is accepted, we will remove the content you reported and take appropriate action against the responsible sellers."[1] Defendant was therefore very aware of the likely result of its tortious acts at the time it committed them.

13. "Inauthentic" as that term is used in the Amazon marketplace lexicon is a term of art which connotes goods that differ materially from their description on Amazon or otherwise infringe on intellectual property rights.

14. "Counterfeit" as that term is used in the Amazon marketplace lexicon is a term of art which connotes goods that are false or fraudulent copies of legitimate goods or otherwise infringe on intellectual property rights.

---

[1] https://sellercentral.amazon.com/gp/help/external/U5SQCEKADDAQRLZ.

15. At no time did Plaintiff market or sell any goods that were inauthentic, counterfeit or that infringed on the intellectual property rights of the Defendant. To the contrary, Plaintiff was selling Nutrafol Men's Hair Growth Supplement.

16. Each product listed for sale on Amazon is assigned a unique Amazon Sales Identification Number or "ASIN" and it is Amazon's policy to prevent a product from being assigned multiple ASINS.

17. In furtherance of this policy Amazon requires sellers, who wish to market and sell a product that is already listed for sale on Amazon, to join the existing ASIN listing. Other than adding itself to the relevant listings as described in further detail *infra*, Plaintiff neither created nor modified the relevant ASIN listings. Plaintiff has never modified any of the relevant ASIN listings, including the images and product descriptions contained therein, including but not limited to the ASINs identified below.

18. At all relevant times, the product listed for sale under the ASIN B00LTZEEGQ were authentic Nutrafol Men's Hair Growth Supplement sourced from trusted national suppliers.

19. Plaintiff's products sold under ASIN B00LTZEEGQ were complained by Defendant to be a counterfeit infringement on Defendant. And the goods sold by Plaintiff under this ASIN were complained to be counterfeit by Defendant, but no test-buy was ever conducted by Defendant, which is a requirement of Amazon.

20. Without providing any notice to Plaintiff, Defendant began, on or about July, 2022, knowingly making false representations to Amazon and/or other third-parties that Plaintiff listed and/or sold products under ASIN B00LTZEEGQ which were counterfeit, inauthentic and/or infringed on Defendant's intellectual property rights. Upon information and belief, these and all other relevant representations were made by Defendant to Amazon and/or other third-parties via email or other electronic means of communication.

21. At the time Defendant made these knowingly false representations to Amazon, these allegations were made against Amazon policy, as Amazon's Report Infringement Page clearly states:[v]iolations of distribution agreements do not constitute intellectual property rights infringement. As the enforcement of these agreements is a matter between the manufacturer and the retailers, it would not be appropriate for Amazon to assist in enforcement activities (https://www.amazon.com/report/infringement).

22. As the direct result of Defendant's knowingly false representations Amazon removed Plaintiff from the aforementioned ASINs thereby preventing Plaintiff from selling the products listed for sale thereunder.

23. In July, 2022, Plaintiff notified Defendant that its representations to Amazon were false and requested more information. Specifically, Plaintiff advised Defendant that it had never sold any products that were counterfeit, inauthentic or that infringed on Defendant's intellectual property rights, and demanded Defendant provide a basis for or withdraw its false complaints. No response was received, and, in fact, Defendant refused to provide a basis for its complaint and refused to respond to the undersigned's letters and Plaintiff's inquiries.

24. After Defendant refused to provide the basis for their counterfeit complaints, Plaintiff hired our firm to contact Defendant and request same. In response, Defendant continued to refuse to provide any basis for its counterfeit allegations.

25. Defendant asserted no basis for counterfeit allegations; and, Defendant flat out refuses to retract the complaint.

26. Upon information and belief, the Amazon complaint did not allege trademark infringement based on a material difference in the products.

27. There are proper avenues for combating alleged trademark or counterfeit infringement. Rather than use those avenues, Defendant chose to file false, unsupported counterfeit complaints.

Based on this conduct, the complainant knowingly and in bad faith filed a false counterfeit complaint against what they believed to be authentic, gray market goods.

28.     At all relevant times, Amazon operated a system by which a seller may appeal or dispute intellectual property infringement complaints filed against it.[2]

29.     On or about July 27, 2022 and July 28, 2022, Plaintiff attempted to mitigate the damages caused by Defendant's false representations by appealing directly to Amazon for the Plaintiff's suspended sales under the ASIN listed herein in detail.

30.     On or about July 29, 2022, Plaintiff's appeal to Amazon was once again denied.

31.     As a result of the false complaints filed by Defendant, Plaintiff's contract with Amazon remains at risk and Plaintiff must forgo its lawful right to sell the aforementioned product as any additional complaints by Defendant, or any other entity, in conjunction with Defendant's knowingly false complaint, will result in the termination of Plaintiff's relationship with Amazon.

32.  As a further result of the false complaints filed by Defendant, Plaintiff's are holding a massive amount of inventory of the authentic and genuine products for the relevant ASIN without the ability to sell them.

## COUNT I
## DEFAMATION AND DEFAMATION PER SE

33.     Plaintiff repeats all allegations  in paragraphs 1 through 32 as if set forth at length herein.

34..    At all times relevant times, Plaintiff acted within the parameters of and under the protection of the First Sale Doctrine.

35.     At all relevant times, Defendant failed to verify the truthfulness of its statements or investigate Plaintiff's sources for the relevant products before publishing its false statements to Amazon in bad faith and without privilege or justification.

---

[2] https://sellercentral.amazon.com/gp/help/external/201361070

36. On multiple occasions during the relevant period, Plaintiff notified Defendant that its representations were false and demanded Defendant withdraw its complaints to Amazon or requested the basis for the false allegations.

37. Defendant's false statements were, *prima facie*, injurious to Plaintiff's business.

38. At all relevant times, Defendant acted in bad faith with actual malice, oppression and reckless disregard for Plaintiff's rights.

39. The aforementioned false and defamatory statements regarding Plaintiff's business practices constitute defamation *per se*.

40. As the direct result of Defendant's aforementioned actions, Plaintiff has sustained damages including, *inter alia*, lost sales, harm to its contractual and business relationships both actual and prospective, harm to its reputation and diminution of the value of its business.

41. Pursuant to all applicable statutes, laws, rules and regulations, Defendant is liable to Plaintiff for compensatory, statutory and punitive damages as well as reasonable legal fees and expenses.

## COUNT II:
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

42. Plaintiff repeats all allegations in paragraphs 1 through 32 as if set forth at length.

43. At all relevant times, Plaintiff had a reasonable expectation of entering a business relationship with customers wishing to purchase the aforementioned goods through Plaintiff's Amazon storefront.

44. At all relevant times and upon information and belief, Defendant was aware of Plaintiff's aforementioned expectation.

45. Due to Defendant's knowingly false representations, Amazon removed Plaintiff from the listings for the aforementioned products, corresponding to the aforementioned ASIN thereby

preventing Plaintiff from selling those products as expected. As the direct result of Defendant's aforementioned intentional and unjustifiable interference with Plaintiff's prospective economic advantage, Plaintiff suffered harm.

46. Pursuant to all applicable statutes, laws, rules and regulations, Defendant is liable to Plaintiff for compensatory, statutory and punitive damages as well as reasonable legal fees and expenses.

## COUNT III:
## TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

47. Plaintiff realleges and incorporates paragraphs 1 through 32 as though fully set forth herein.

48. At all relevant times, Plaintiff has had an advantageous business relationship with Amazon by virtue of which it is entitled to operate on Amazon as a third-party seller.

49. At all relevant times, Plaintiff has been in a contractual relationship with Amazon which governs the aforementioned business relationship.

50. Upon information and belief, Defendant was fully aware of Plaintiff's business and contractual relationship with Amazon.

51. On multiple occasions as set forth above, Defendant has intentionally and improperly interfered with Plaintiff's advantageous business and contractual relationship with Amazon by making the knowingly false statements discussed, supra and refusing to retract the most recent such statement.

52. By publishing the aforementioned defamatory statements to Amazon Defendant intentionally curtailed, affected, harmed and/or interrupted the working relationship of trust between Plaintiff and Amazon.

53. Upon information and belief, Defendant had actual knowledge that its knowingly false

statements and improper actions would cause Amazon to suspend Plaintiff from selling the product in question and otherwise interfere with its business and contractual relationship with Amazon.

54. As a result of Defendant's knowingly false statements, Amazon not only terminated Plaintiff's ability to sell the products in question as it was otherwise permitted to do pursuant to its business and contractual relationship with Amazon, but also suspended their ability to sell any products by shutting down their stores.

55. As the direct result of Defendant's intentional interference with Plaintiff's contractual and business relationship with Amazon, Plaintiff has sustained damages.

## COUNT IV:
## INJUNCTIVE RELIEF

56. Plaintiff realleges and incorporates paragraphs 1 through 32 as though fully set forth herein.

57. Under the system which controls the aforementioned business and contractual relations between Plaintiff and Amazon, the negative effect of complaints such as those made by Defendant are cumulative. Therefore, Plaintiff has been actually harmed by Defendant's knowingly false complaints in addition to the periods during which it has been prohibited from selling the product in question.

58. Plaintiff has actually been harmed because as the direct result of Defendant's tortious conduct, Plaintiff's account is now in danger of complete suspension should Defendant or any other entity file another complaint against Plaintiff. Therefore, as the direct result of Defendant's tortious conduct Plaintiff's standing has been depleted and it has been put in a more vulnerable position than it otherwise would be.

59. As the direct result of Defendant's tortious acts, Plaintiff has been reduced to a condition

in which which any additional complaints by Defendant, or any other entity, in conjunction with Defendant's knowingly false complaint, will result in the termination of Plaintiff's relationship with Amazon.

60. Therefore, it is necessary that this Court issue an injunction compelling Defendant to retract and disavow its knowingly false complaints to Amazon regarding Plaintiff and prohibiting Defendant from making false complaints in the future or otherwise be subjected to liquidated damages. Such an injunction is necessary to protect Plaintiff's legal rights including, but not limited to, selling goods on Amazon.

61. For all the reasons set forth, *supra* Plaintiff is likely to succeed on the merits of the claims contained herein because, *inter alia*, Defendant's actions constitute defamation *per se* and, the only available defense to Plaintiff's claims is that Defendant's statements were true, which they aren't.

62. In addition, the public interest will be served by the issuance of such an injunction because it will protect and preserve the free market by protecting Plaintiff's lawful right to sell and its potential customers' lawful right to buy the product in question. Moreover, it will protect the public and other business entities from Defendant's dishonest efforts to defame, strongarm and otherwise interfere in the lawful business activities of good faith competitors in an open market with impunity.

Wherefore, Plaintiff respectfully requests that this Court enter an Order: permanently enjoining Defendant from the tortious acts complained of; compelling Defendant to withdraw and repudiate its knowingly false complaints regarding Plaintiff; awarding Plaintiff compensatory, statutory and punitive damages in an amount to be determined at trial along with costs and disbursements including legal fees and costs, and, granting Plaintiff all other appropriate relief this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 39.

Dated: October 27, 2022.
Long Beach, New York

                                  Respectfully Submitted,

By:    *s/ Cory Jay Rosenbaum*
         (electronically signed)
         C.J. Rosenbaum, Esq. *
         Rosenbaum, Famularo & Segall PC
         138A East Park Avenue
         Long Beach, NY 11572
         CJR@AmazonSellersLawyer.com
         212.256.1109 | NYS Bar #2669133

*Admitted to practice in the State of New York, the Southern Dist. of NY; the Eastern Dist. of NY; and the Northern Dist. Of Ill.